IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-02561-CNS

C.M.,

　　　Petitioner,

v.

JUAN BALTAZAR, in his official capacity as warden of the Aurora Contract Detention Facility;
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Acting Secretary, U.S. Department of Homeland Security;
DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement; and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

　　　Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, ECF No. 1. The petition is fully briefed. *See* ECF No. 15; ECF No. 17. For the following reasons, the Court DENIES the petition. In doing so, the Court presumes familiarity with this case's factual and procedural background, including the allegations set forth in the habeas petition.

1

Petitioner seeks immediate release under the Fifth Amendment's Due Process Clause, *see* ECF No. 1 at 52, and under the Rehabilitation Act, *id.* Explained further below, she has not shown entitlement to relief under either.

*First*, regarding immediate release as a constitutional matter, the Court agrees with Respondents that Petitioner's March 11, 2026, order of removal, *see* ECF No. 2 at 3, became final on April 11, 2026—the date that Petitioner's 30-day window to appeal the order ended. *See* ECF No. 15 at 4; 8 C.F.R. § 1241.1(c). Petitioner challenges the order's finality as to its "grant of CAT protection." ECF No. 17 at 3. But the fact that the immigration judge (IJ) in the March 11, 2026, order of removal ordered "deferral of removal . . . under the Convention Against Torture" does not render the order of removal non-final where, as here, Petitioner has not appealed it. *See, e.g.,* ECF No. 15 at 5; *Kavaja v. Emmerich*, No. 25-1204, 2025 WL 1983889, at *2 (7th Cir. July 17, 2025) (unpublished) ("[A] noncitizen's initiation of CAT proceedings does not render non-final an otherwise administratively final order of removal." (citation modified)); *Yeghoyan v. Bowers*, No. 25–10487–JCB, 2025 WL 4764607, at *1 (D. Mass. July 8, 2025). Further, because Petitioner's order of removal became final on April 11, 2026, "Petitioner is still within the 90-day removal period and is permissibly held in immigration detention pursuant to § 1231(a)(2)(A)." *Mehdipour v. Baltazar*, No. 1:26–cv–02499–CNS, 2026 WL 1745681, at *2 (D. Colo. June 17, 2026) (citation modified). Accordingly, Petitioner cannot show a violation of her due process rights. *See, e.g., Singh v. Blanche*, No. 26–cv–00601–PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026) ("Given that petitioner's removal order became final on January 29,

2

2026, the 90-day removal period under § 1231 does not expire until April 29, 2026. Thus, petitioner cannot show a violation of his due process rights." (citation modified)).

Second, Petitioner seeks immediate release—and only immediate release—under the Rehabilitation Act. See ECF No. 1 at 53 ("Release is the only reasonable accommodation that will allow C.M. to be able to meaningfully participate in her immigration proceedings." (emphasis added)). Assuming without deciding that Petitioner may bring a Rehabilitation Act claim against Respondents, see Giraldo Nieto v. Ceja, No. 1:24–cv–02821–DDD-NRN, 2025 WL 4087626, at *12 (D. Colo. June 12, 2025), this claim fails. The Court agrees with Respondents that immediate release is not a proper remedy under the Rehabilitation Act. See ECF No. 15 at 15. See also Fuentes v. Choate, No. 24–cv–01377–NYW, 2024 WL 2978285, at *12 (D. Colo. June 13, 2024) ("[T]he Court has located no authority demonstrating that Petitioner can request release from custody under the Rehabilitation Act outside of the habeas context, nor has she provided any such authority to the Court."); Giraldo Nieto, 2025 WL 4087626, at *12; Acosta v. Arteta, No. 1:25–cv–9916 (MKV), 2026 WL 263470, at *9 (S.D.N.Y. Feb. 2, 2026) ("Petitioner, however, fails to cite a single case granting a petition for a writ of habeas corpus releasing an alien from immigration detention based solely on an alleged Rehabilitation Act violation. As far as the Court is aware, no such case exists." (citation modified)). Indeed, at least one court has concluded that "[a] petition for writ of habeas corpus is the exclusive means for" seeking "immediate release." Basri v. Barr, 469 F. Supp. 3d 1063, 1070 (D. Colo. 2020) (citation modified). The Court finds the reasoning of these cases persuasive, and concludes that immediate release is an improper remedy under the Rehabilitation

Act. For this reason, Petitioner's request for relief under the Rehabilitation Act must be denied.

* * *

Consistent with the above analysis, Petitioner's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, ECF No. 1, is DENIED WITHOUT PREJUDICE. Petitioner's motion for temporary restraining order, ECF No. 4, is DENIED AS MOOT.[*]

DATED this 29th day of June 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge

---

[*] The Court GRANTS Petitioner's Motion for Leave to Proceed Under Pseudonym. ECF No. 8. The Court has considered the applicable legal authority, including the public interest and any potential prejudice to Respondents, and concluded that "anonymity is warranted" in permitting Petitioner to proceed under her initials. *See D.B.U. v. Trump*, No. 1:25–cv–01163–CNS, 2025 WL 1101149, at *1 (D. Colo. Apr. 14, 2025). At bottom, this is one of those "exceptional" cases that presents matters of a "highly sensitive and personal nature" warranting the use of a pseudonym. *See id.* (citation modified). *See also Doe v. U.S. Immigr. & Customs Enf't*, No. 1:23–cv–00971–MLG–JMR, 2024 WL 4389461, at *2 (D.N.M. Oct. 3, 2024) (collecting cases); *D.B.U.*, 2025 WL 1101149, at *2 ("[C]ourt proceedings are presumptively open to the public. But, notwithstanding this presumption, parties may, under certain exceptions, proceed pseudonymously." (citation modified)). Upon review of the application, the Court also GRANTS Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs. ECF No. 12.